UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALFREDO,

    Plaintiff,

v.

MBM FABRICATING CO. INC.,

    Defendant.
_____/

Case No. 23-cv-10526

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 8)**

This matter is before the Court on Defendant MBM Fabricating Co. Inc.'s motion for summary judgment (Dkt. 8) on Plaintiff John Alfredo's claims of discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq. (ADA). The motion further requests dismissal of Alfredo's state claims under the Michigan Persons with Disabilities Act, Mich. Comp. L. § 37.1201 et seq., and the Elliott Larsen Civil Rights Act, Mich. Comp. L. §§ 37.2101–37.2804.[1] For the reasons that follow, the Court grants the motion.

**I. BACKGROUND**

Alfredo was an employee of MBM Fabricating from July 2018 until around November 2020.[2] Br. Supp. Mot. for Summ. J. at 1–2. Although not entirely clear from his complaint,

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Alfredo's response (Dkt. 10), and MBM Fabricating's reply (Dkt. 12).

[2] Alfredo's complaint alleges that he worked at MBM Fabricating from June 2022 to November 2022. See Compl. ¶¶ 5–20. However, MBM Fabricating's summary judgment motion and the

Alfredo appears to allege that that he suffered from two health conditions that constitute disabilities under the ADA. Compl. ¶¶ 7–10 (Dkt.1). He asserts that he began experiencing hand pain that required him to receive an injection. Br. Supp. Mot. for Summ. J. at 1–2; Compl. ¶ 7. Alfredo also alleges that, at some point, he received an electrocardiogram and would need surgery. Compl. ¶ 10. Alfredo maintains that, after he reported his conditions, MBM Fabricating subjected him to discriminatory employment practices and retaliated against him for reporting his alleged disability. Id. ¶¶ 11–13. Specifically, Alfredo alleges that, MBM Fabricating placed him on "two ten[-]hour shifts on grinder," and later fired him. Id. ¶¶ 11, 40.

MBM Fabricating disputes Alfredo's account. It submits that MBM Fabricating's office manager informed Alfredo of his eligibility for short term disability benefits after he reported his conditions. Br. Supp. Mot. for Summ. J. at 1. It further contends that Alfredo failed to show up for work on consecutive days in October 2020, during which time Alfredo did not respond to attempts to reach him. Id. at 1–2. The next month, MBM Fabricating advised Alfredo that it deemed his termination a "voluntary quit." Id. at 3.

After his termination, Alfredo filed a charge of discrimination against MBM Fabricating with the Equal Employment Opportunity Commission (EEOC) in July 2021. Id. at 4. Following its investigation, the EEOC issued two letters dated August 9, 2022 stating that Alfredo's charge had been dismissed. Id. A letter from EEOC Enforcement Investigator Daniel Loeffler stated that the EEOC would no longer investigate Alfredo's charge because "information obtained during the investigation [did] not support" the charge. 8/9/22 Loeffler Letter (Dkt. 12-4). The letter further

---

relevant documents submitted as exhibits by the parties indicate that Alfredo worked at MBM Fabricating from July 2018 to November 2020. See Br. Supp. Mot. for Summ. J. at 1–2.

2

stated that Alfredo would receive a dismissal and right-to-sue letter and that Alfredo had 90 days upon receipt of that notice to file a lawsuit. Id.

The EEOC issued the dismissal and right-to-sue letter on August 9, 2022. 8/9/22 Right-to-Sue Letter (Dkt. 8-3). The right-to-sue letter advised Alfredo that any lawsuit related to his EEOC claim must be filed within 90 days of receipt of the notice. Id. Despite the August 9, 2022 issue date listed on that letter, Alfredo submits that he did not receive the letter until December 5, 2022. Resp. ¶ 3. Alfredo filed his complaint initiating this suit on March 3, 2023. See Compl.

## II. ANALYSIS[3]

MBM Fabricating moves for summary judgment on Alfredo's ADA claim on the grounds that (i) Alfredo did not timely file his complaint within 90 days of receipt of his right-to-sue letter informing him of the dismissal of his EEOC charge, Mot. for Summ. J. ¶¶ 5–7; and (ii) Alfredo did not timely exhaust his administrative remedies, id. ¶ 9. Should the Court grant its summary judgment motion, MBM Fabricating further requests that the Court decline to retain supplemental jurisdiction over Alfredo's state law claims. Id. ¶ 10.

The Court first addresses the timeliness of Alfredo's complaint and next addresses the issue of supplemental jurisdiction. As explained below, because the Court finds that MBM Fabricating is entitled to summary judgment on Alfredo's federal claim, the Court declines to retain supplemental jurisdiction over Alfredo's remaining state law claims.

---

[3] The Court applies the traditional summary judgment standard as articulated in Scott v. Harris, 550 U.S. 372, 380 (2007). The movant is entitled to summary judgment if that party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). If the movant makes an initial showing that there is an absence of evidence to support the nonmoving party's case, the nonmovant can only survive summary judgment by coming forward with evidence showing there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324–325 (1986).

### A. Timeliness of Alfredo's Complaint

"[T]o bring a lawsuit pursuant to the ADA, a plaintiff must (1) timely file a charge of employment discrimination with the EEOC, and (2) receive and act upon the EEOC's notice of the 'right to sue' letter." Laboy-Cardona v. Easter Seals Mich., No. 23-cv-10960, 2023 WL 8190692, at *3 (E.D. Mich. Nov. 27, 2023) (citing Granderson v. Univ. of Mich., 211 F. App'x 398, 400 (6th Cir. 2006)). "A plaintiff seeking relief under the ADA must obtain a right to sue letter from the EEOC, and then file suit within 90 days after receiving it." Id. "[A] notice of final action is 'received' when the agency delivers its notice to a claimant or the claimant's attorney, whichever comes first." Rembisz v. Lew, 830 F.3d 681, 683 (6th Cir. 2016) (punctuation modified). "The Sixth Circuit does not require 'actual receipt of notice by a claimant before the time period begins to run.'" Peterson v. Hopson, No. 17-2891, 2018 WL 3524635, at *3 (W.D. Tenn. Jan. 17, 2018) (quoting Hunter v. Stephenson Roofing, Inc., 790 F.2d 472, 474 (6th Cir. 1986)). "The ninety-day period applies to all plaintiffs, even those proceeding pro se, and so much as one day's delay is fatal to a claim. This statutory limit is strictly enforced . . . ." Id. (punctuation modified).

MBM Fabricating submits that the EEOC issued the right-to-sue letter on August 9, 2022 and that Alfredo had 90 days after that date to file suit. Br. Supp. Mot. for Summ. J. at 4. Because Alfredo did not file his complaint until March 3, 2023, see Compl., MBM Fabricating argues that Alfredo's ADA claims are untimely. Br. Supp. Mot. for Summ. J. at 8–9. Alfredo responds that he did not receive the right-to-sue letter until December 5, 2022, when EEOC investigator Loeffler sent the letter as an attachment to an email to Alfredo's counsel. Resp. at 9. Alfredo asserts that the March 3, 2023 filing of this lawsuit was only 88 days after his December 5 receipt of the letter. Id. at 9–10.

The resolution of this motion turns on what constitutes "receipt" within the meaning of the statute. The age when individuals retrieved mail solely from physical mailboxes attached to their homes is from a by-gone era. The EEOC regulations recognize our evolution to an electronic world, as they permit notice through electronic means. See 29 C.F.R. § 1601.3(b) ("For the purposes of this part, the terms file, serve, submit, receive, transmit, present, send, issue, and notify shall include all forms of digital transmission."). As substantiated below, transmission of a communication to an electronic portal, coupled with notice that the portal contains a communication, is sufficient to constitute "receipt" in the computer age.

The record confirms that Alfredo received the right-to-sue letter in August 2022 in a way that is equivalent to a physical letter arriving at a physical mailbox or an electronic message being sent to an electronic mailbox. MBM Fabricating's evidence shows that the right-to-sue letter was uploaded to the EEOC portal for Alfredo or his counsel to access in August 2022. The EEOC Activity Log contains an entry on August 9, 2022 stating that the closure notice and notice of right-to-sue letter were uploaded to the portal. See Reply at 2–3; EEOC Activity Log at 5 (Dkt. 12-3). That same day, EEOC investigator Loeffler emailed Brandi Hooks, a representative of Alfredo's counsel, indicating that he had left a voicemail message regarding the "determination of the charge" on August 8. 8/9/22 Aikens Email at PageID.166 (Dkt. 12-5). The Activity Log further indicates that, on August 15, 2022, the EEOC emailed Alfredo and his counsel that a "new document [was] available to download." See EEOC Activity Log at 4. While Alfredo points to an August 16 email in which Loeffler directs Hooks to let Loeffler know if Hooks does "not see anything come across regarding the closure of this charge by the end of the week," 8/16/22 Loeffler Email (Dkt. 11-1), the Activity Log states on August 23: "Reminder email sent to John Alfredo… that Closure Notice/NRTS document is available to download." EEOC Activity Log at 3.

The evidence shows that Alfredo or his counsel received his right-to-sue letter by—at the latest—August 23, 2022 via email or the portal. By that point, Alfredo and his counsel had clear notice that a right to sue letter had been issued.

Alfredo correctly points out that the date of receipt—not the date of issuance—triggers the start of the period during which Alfredo had to file his lawsuit. Resp. at 9 (citing Rembisz, 830 F.3d at 682). Consistent with his position, Alfredo submits evidence that he did not receive the right-to-sue letter until December 5, 2022, when the letter was sent to his counsel. See 12/5/22 Loeffler Email (Dkt. 10-11) (stating that Loeffler has been "given the okay to send [right-to-sue letter] to [Alfredo's counsel]); see also 12/5/22 Aikens Email at PageID.170 (replying to Loeffler's email and stating "[w]e did not receive this prior to today [December 5, 2022]").

However, Alfredo offers no evidence to dispute that the right-to-sue letter was accessible via the EEOC portal by—at the latest—August 23, 2022. See Resp. Nor does he dispute that he had access to review documents uploaded to the portal. See id. Indeed, entries from the EEOC Activity Log indicate that Alfredo or his counsel had accessed and downloaded documents from the portal in the past. See EEOC Activity Log at 6–7 (indicating that Alfredo or his counsel, as the "Charging Party," downloaded documents from the portal). Nor does Alfredo dispute that he was notified in August 2022 of a new document in the portal. Under these circumstances, Alfredo is deemed to have received the right-to-sue letter no later August 23, 2022, when it became accessible to him via the EEOC portal and he knew of its availability to him.

Alfredo cites no caselaw supporting the proposition that transmission of the right-to-sue letter via the EEOC portal—which was accessible to Alfredo—is insufficient to constitute receipt of the letter. See Resp. Indeed, the weight of authorities supports the opposite conclusion—i.e., a

6

plaintiff is deemed to have received a right-to-sue letter when that letter is made accessible via the EEOC portal.

In McNaney v. Sampson & Morris Grp., Inc., No. 2:21-cv-1809, 2022 WL 1017388, at *3 (W.D. Pa. Apr. 5, 2022), the court concluded that the 90-day period began to run when the plaintiff's attorney obtained access to the right-to-sue letter through the portal, even though he did not click on the link to open the letter. The placement of the letter in the portal, coupled with notice that a document reflecting a decision in the case was available for viewing, was sufficient to constitute "receipt." To the same effect is McDonald v. Saint Louis Univ., No. 4:22-cv-01121, 2023 WL 4262539, at *5 (E.D. Mo. June 29, 2023), which held that, where the plaintiff's counsel received an email notification indicating that the right-to-sue letter was available via the portal, "it is irrelevant when [the plaintiff's] counsel actually followed the link to access the right-to-sue letter."

MBM Fabricating is entitled to summary judgment on Alfredo's ADA claim.[4]

**B. Alfredo's State Law Claims**

MBM Fabricating also asserts that the Court should decline to exercise supplemental jurisdiction over Alfredo's state law claims. Br. Supp. Mot. for Summ. J. at 11–12. The Court agrees. Because MBM Fabricating is entitled to summary judgment on Alfredo's federal ADA claim, the Court will decline to exercise jurisdiction over Alfredo's claims under state law. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (explaining that a court need not exercise supplemental jurisdiction where considerations of "judicial economy, convenience and fairness to litigants" do not counsel it to do so); Washington v. Starke, 855 F.2d 346, 351 (6th Cir.1988) ("It

---

[4] Because the Court concludes that Alfredo's complaint is untimely, the Court need not address MBM Fabricating's alternative argument asserting that Alfredo failed to exhaust remedies.

is a clear rule of this circuit that if a plaintiff has not stated a federal claim, his pendant state law claims should be dismissed.").

### III.  CONCLUSION

For the reasons set forth above, the Court grants Defendant's motion for summary judgment (Dkt. 8).

SO ORDERED.

Dated: March 28, 2024　　　　　　　　　　　s/Mark A. Goldsmith
　　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge