UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALFREDO,

    Plaintiff,                             Case No. 23-cv-10526

v.                                      HON. MARK A. GOLDSMITH

MBM FABRICATING CO., INC.,

    Defendant.
_____/

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 15)**

This matter is before the Court on Plaintiff John Alfredo's motion for reconsideration (Dkt. 15) of the Court's March 28, 2024 opinion & order (Dkt. 13) granting summary judgment on Alfredo's claims of discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq. (ADA).[1] For the reasons that follow, the Court denies the motion.

**I. BACKGROUND**

The Court has previously set forth the full background of this case, see 3/28/24 Op. & Order, and it need not provide that full background here. Alfredo was an employee of MBM Fabricating from July 2018 until his termination around November 2020. Id. at 2. He alleges that MBM Fabricating subjected him to discriminatory employment practices and retaliated against him for reporting his alleged disability. Id.

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes MBM Fabricating's response (Dkt. 16).

After his termination, Alfredo filed a charge of discrimination against MBM Fabricating with the Equal Employment Opportunity Commission (EEOC) in July 2021. Id. Following its investigation, the EEOC issued two letters dated August 9, 2022 stating that Alfredo's charge had been dismissed. Id. One of the letters, a "closure-notice" letter, from EEOC Enforcement Investigator Daniel Loeffler, stated that the EEOC would no longer investigate Alfredo's charge because "information obtained during the investigation [did] not support" the charge. 8/9/22 Loeffler Letter (Dkt. 12-4). The closure-notice letter further stated that Alfredo would receive a dismissal and right-to-sue letter and that Alfredo had 90 days upon receipt of that notice to file a lawsuit. Id.

The EEOC also issued a "right-to-sue" letter, which was dated August 9, 2022. 8/9/22 Right-to-Sue Letter (Dkt. 8-3). The right-to-sue letter advised Alfredo that any lawsuit related to his EEOC claim must be filed within 90 days of receipt of the notice. Id. Alfredo submits that he did not receive the letter until December 5, 2022, when the EEOC emailed it to his counsel as an attachment. 3/28/24 Op. & Order at 3; Br. Supp. Mot. at 6. Alfredo filed his complaint initiating this suit on March 3, 2023. See Compl. (Dkt. 1).

MBM Fabricating moved for summary judgment on Alfredo's ADA claim on the grounds that Alfredo did not timely file his complaint within 90 days of receipt of the right-to-sue letter informing him of the dismissal of his EEOC charge.[2] See Mot. for Summ. J. (Dkt. 8). The Court granted the motion, concluding in its March 28, 2024 opinion and order that Alfredo failed to raise

---

[2] MBM Fabricating also argued that it was entitled to summary judgment on the ground that Alfredo did not timely exhaust his administrative remedies. Because the Court concluded that Alfredo's complaint was untimely, it did not address MBM Fabricating's alternative argument asserting that Alfredo failed to exhaust remedies. See 3/28/24 Op. & Order at 7 n.4.

2

an issue of fact as to whether he filed his complaint within 90 days of receiving the right-to-sue letter. 3/28/24 Op. & Order at 6. Alfredo now moves for reconsideration of the Court's order.

## II. ANALYSIS

Alfredo moves for reconsideration under Eastern District of Michigan Local Rule 7.1(h) and Federal Rule of Civil Procedure 59(e). However, under "[Local] Rule 7.1(h)(1), reconsideration of a final order is not permitted[,] rather, "parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." State Farm Mut. Auto. Ins. Co. v. Angelo, No. 19-cv-10669, 2023 WL 2957472, at *1 (E.D. Mich. Apr. 14, 2023) (citing E.D. Mich. LR 7.1(h)(1)). Because the Court's March 28, 2024 Opinion and Order was a final order accompanied by a judgment, Alfredo's motion must be evaluated as a Rule 59(e) motion.

Under Rule 59(e), district court may alter or amend its judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Brumley v. UPS, 909 F.3d 834, 841 (6th Cir. 2018) (punctuation modified). "A Rule 59 motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id. (punctuation modified). To protect the judicial interest of finality, Rule 59 motions are "looked at with disfavor and are granted sparingly, typically only when the prior decision appears clearly to be legally or factually erroneous." Wade v. Franklin Cnty, No. 2:21-cv-305, 2024 WL 3163814, at *1 (S.D. Ohio June 25, 2024).

Alfredo's motion fails to show that any of the bases for reconsideration of the Court's March 28, 2024 opinion and order are present here. Although not entirely clear from his briefing,

Alfredo's motion appears to raise only manifest injustice as a basis for reconsideration. Br. Supp. Mot. at 6.

Although the Sixth Circuit's "cases do not offer clear guidance as to what qualifies as 'manifest injustice,' the plain meaning of those words is instructive." Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr., 665 F. App'x 514, 530 (6th Cir. 2016). "Manifest injustice is defined as an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." Id. (punctuation modified).

Here, Alfredo fails to raise an obvious or observable error that raises to the level of manifest injustice. Instead, he contends only that "it would work an extreme injustice for [Alfredo] to have his entire case dismissed because he was assumed to have received a [right-to-sue] letter . . . ." Br. Supp. Mot. at 6. But Alfredo's mere disagreement with the Court's summary-judgment analysis, and the consequences of the Court's analysis, do not give rise to a manifest injustice. See Wade, 2024 WL 3163814, at *3 ("The Court's consideration of what [the plaintiff] claims to be materially disputed facts does not result in manifest injustice. A court's misinterpretation of key facts is not sufficient to establish manifest injustice, as the Court of Appeals is the proper venue for such arguments."). Because Alfredo has not shown that a manifest injustice (or any of the other three bases for relief under Rule 59(e)) has occurred, reconsideration of the Court's March 28, 2024 opinion and order is not warranted.

Even if the Court were to find that Alfredo has met his burden of showing manifest injustice under Rule 59, his motion fails on the merits. His motion takes issue with the Court's determination that Alfredo raised no evidence to dispute that the right-to-sue letter was accessible to Alfredo or his counsel via the EEOC portal or email by—at the latest—August 23, 2022, which

would place Alfredo's March 3, 2023 complaint well beyond the 90-day cutoff. See Br. Supp. Mot. at 6; 3/28/24 Op. & Order at 6. The Court reached this conclusion based on a review of the EEOC Activity Log and email records accompanying the parties' summary judgement briefs. See 3/28/24 Op. & Order at 6

Now, in support of his motion for reconsideration, Alfredo submits evidence showing that the right-to-sue letter was not accessible to Alfredo's counsel via the EEOC portal on August 23, 2022, and that the letter was not received until December 5, 2022, when the EEOC sent it to Alfredo's counsel via email. Alfredo attaches to his motion an email thread between EEOC investigator Daniel Loeffler and Brandi Hooks, a representative of Alfredo's counsel. In that email exchange, Hooks told Loeffler on September 14, 2022 that Alfredo had not yet received the right-to-sue letter. 9/14/22 Email at PageID.209 (Dkt. 15-1). Loeffler replied to Hooks on September 28, stating that the letter "should be available in the EEOC portal." Id. at PageID.208. Hooks responded to Loeffler that same day, explaining that Alfredo's counsel lacked access to the EEOC portal. Id. at PageID.207. Loeffler then directed Hooks to contact technical support, and Hooks replied by explaining: Alfredo's counsel "do[es] not have access to this particular charge, not the portal itself. Tech support does not help with that. Please provide a copy." Id. at PageID.206.[3] Although Loeffler again emailed Hooks on October 14 stating that the right-to-sue letter was being mailed, Alfredo's counsel later emailed Loeffler on October 28 and December 2 stating that they had not received the right-to-sue letter and requested that the EEOC send it to Alfredo's counsel.

---

[3] It is unclear to the Court whether Alfredo's counsel did not have access to the entirety of the portal or items on the portal that related to Alfredo's particular charge against MBM Fabricating. In any event, this fact is not material to the Court's conclusion that Alfredo was aware that the right-to-sue letter had been issued and placed on the portal.

5

Id. at PageID.205. Loeffler emailed the letter to Alfredo's counsel on December 5. See 12/5/22 Email at PageID.119 (Dkt. 10-11).

Even assuming Alfredo's counsel did not actually receive the right-to-sue letter until it was emailed on December 5, this fact does not render Alfredo's complaint timely. As the Court explained in its March 28, 2024 opinion and order:

> "A plaintiff seeking relief under the ADA must obtain a right to sue letter from the EEOC, and then file suit within 90 days after receiving it." Laboy-Cardona v. Easter Seals Mich., No. 23-cv-10960, 2023 WL 8190692, at *3 (E.D. Mich. Nov. 27, 2023) (citing Granderson v. Univ. of Mich., 211 F. App'x 398, 400 (6th Cir. 2006)) "[A] notice of final action is 'received' when the agency delivers its notice to a claimant or the claimant's attorney, whichever comes first." Rembisz v. Lew, 830 F.3d 681, 683 (6th Cir. 2016) (punctuation modified). "The Sixth Circuit does not require 'actual receipt of notice by a claimant before the time period begins to run.'" Peterson v. Hopson, No. 17-2891, 2018 WL 3524635, at *3 (W.D. Tenn. Jan. 17, 2018) (quoting Hunter v. Stephenson Roofing, Inc., 790 F.2d 472, 474 (6th Cir. 1986))

3/28/24 Op. & Order at 4. And as MBM Fabricating points out, Resp. at 12–13, the Sixth Circuit has held that, absent a plaintiff's actual receipt of the right-to-sue letter, a plaintiff's constructive notice of the issuance of a right-to-sue letter, triggers the start of the 90-day clock. See King v. Henderson, 230 F.3d 1358 (table), 2000 WL 1478360, at *4 (6th Cir. 2000) (explaining that the limitations term begins running on the date a plaintiff "had received at least constructive or imputed notice, if not actual notice" of the issuance of the right-to-sue letter).

In Cook v. Providence Hosp., 820 F.2d 176 (1987), for example, the Sixth Circuit affirmed summary judgment on plaintiff Cook's claim on the ground that it was untimely despite Cook's allegation that she did not receive her right-to-sue letter until more than a year after it was mailed in May 1983. In June 1984, Cook called the EEOC and was told by an EEOC employee that a right-to-sue notice had been issued. Id. at 177. Cook eventually received a copy of the right-to-sue letter in July 1985 and brought suit in October 1985. Id. While the court acknowledged the

6

factual dispute as to whether Cook received the letter in 1983, it ultimately concluded that the dispute was immaterial because Cook admitted knowledge of the letter's issuance: "Assuming, arguendo, that Cook did not receive the [right-to sue letter], she admits that she had actual knowledge, fully one year prior to suit, that the EEOC had given her the right to sue; yet, she unjustifiably failed to pursue her rights." Id. at 179.

Similarly, in Norton v. Alpena, No. 16-10848, 2017 WL 1164712, at *3 (E.D. Mich. Mar. 29, 2017), the plaintiff, Norton, separately filed two charges of discrimination with the EEOC. The Department of Justice (DOJ) issued a right-to-sue letter for the first charge, but not the second, in July 2014. Id. Norton notified the DOJ that the letter omitted the second charge, and the DOJ instructed her that letters had been issued for both the first and second charge. Id. Later, in December 2015, the DOJ issued a second letter that included both the first and second charges, and informed Norton that "the new applicable date is the date of this letter." Id. at *2. Norton filed her complaint in March 2016, within 90 days of the second notice but beyond 90 days after the first notice. Id.

The defendant moved for summary judgment, arguing that the complaint was untimely because it was filed more than 90 days after the issuance of the first notice. Id. Norton argued that the doctrine of equitable tolling applied to render the complaint timely.[4] Rejecting this argument, the court noted that the plaintiff admitted that she had received the first notice outlining the 90-day deadline, and that she had been told that two letters had been mailed at the same time. Id. at *4. From this admission, the court concluded that Norton knew, or constructively knew, that

---

[4] "[T]he Sixth Circuit has enumerated five factors that are pertinent to a decision whether to apply equitable tolling: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." Norton, 2017 WL 1164712, at *3 (punctuation modified).

the DOJ issued two letters, one for each charge, and that she needed to file suit within 90 days for both the first and second charge based on the language outlining the 90-day deadline contained in the letter she received.  Id.

The Court agrees with MBM Fabricating that Alfredo's argument is doomed by Cook and Norton.  As Alfredo's own evidence shows, Alfredo's counsel was put on notice that the EEOC had issued Alfredo's right-to-sue letter by—at the latest—September 28, 2024, when Loeffler emailed Hooks that the right-to-sue letter "should be available in the EEOC portal."  At this point, even if Alfredo's counsel was unable to access the letter itself, Alfredo and his counsel were on notice that the letter had been issued and the 90-day clock triggered.  Accordingly, Alfredo's March 3, 2023 filing of his complaint was untimely.  The Court will not alter or amend its March 28, 2024 opinion and order granting MBM Fabricating's motion for summary judgment.

### III.  CONCLUSION

For the reasons set forth above, the Court denies Alfredo's motion for reconsideration (Dkt. 15).

SO ORDERED.

Dated:  January 10, 2025                              s/Mark A. Goldsmith
   Detroit, Michigan                                  MARK A. GOLDSMITH
                                                      United States District Judge